UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.
MAGISTRATE JUDGE:

**00 - 6007**

**CIV - JORDAN**
MAGISTRATE JUDGE
BANDSTRA

ADVOCATES FOR THE DISABLED, INC., a
Florida not-for-profit corporation, PETER SPALLUTO,
Individually, and ERNST ROSENKRANTZ, Individually,

      Plaintiff(s),

vs.

POMPANO LAND, LLC, a Florida Limited Liability Company,

      Defendant(s).

_____/

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

    Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit

corporation, PETER SPALLUTO, Individually, and ERNST ROSENKRANTZ, Individually,

(sometimes jointly referred to herein as "Plaintiff"), sue the Defendant, POMPANO LAND,

LLC, a Florida Limited Liability Company, (sometimes referred to as "Defendant") for

Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities

Act, 42 U.S.C. § 12181, et seq, ("ADA").

### JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the Americans With Disabilities Act,

    42 U.S.C. § 12181, et seq. as more fully set forth herein.  This Court has original

    jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.    Venue lies in this district as the property which is the subject matter of this claim is

    located in this judicial district, and the Defendant is doing business in this judicial

    district.



## STATUTORY BACKGROUND

3.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4.    Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5.    The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6.    Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ADVOCATES

FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.    Plaintiffs, PETER SPALLUTO and ERNST ROSENKRANTZ are Florida residents, are sui juris and qualify as individuals with disabilities as defined by the ADA.

8.    Plaintiffs have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9.    Defendant, owns; or leases; or leases to; or operates a  place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104.  Defendant  is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Pompano Beach Motor Lodge and is located at: 1112 North Ocean Blvd., Pompano Beach, FL 33062

## THE INSTANT CLAIM

10.   Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent  to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable

by individuals with disabilities as defined by the ADA.

11.   Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

12.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

13.   Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less): See attached photograph numbers 1 through 19.

  1.   There are approximately 70 standard parking spaces and only 2 disabled parking spaces are provided none are designated van accessible violating section 4.6.1 of the ADAAG. See photograph numbers 10, 11, and 19.

  2.   The signs identifying disabled parking spaces throughout the facility are not posted violating section 4.6.4 of the ADAAG. See photograph numbers 1, 2, 4, and 5.

  3.   All of the disabled use spaces have no access aisles in violation of sections 4.3.1 and 4.6.3 of the ADAAG. See photograph numbers 10 and 11.

4.      An accessible path or route of travel compliant with the ADAAG 4.3 is not provided as there is not a 36" wide clear path of travel. See photograph number 16 .

5.      Failure to provide accessibility to recreation facilities which do not provide a pool lift for disabled accessibility; not compliant with the ADAAG 4.3.2. See photograph number 18.

6.      The swimming pool gate lock is not operable with a closed fist this is not compliant with the ADAAG 4.13.9. See photograph number 9.

7.      There are 60 rooms and all have door hardware that is inoperable with a closed fist in violation of section 4.13.9 of the ADAAG. See photograph number 7.

8.      There are 60 rooms and all have rises at the doorway in violation of section 4.13.8 of the ADAAG. See photograph number 7.

9.      There is a rise in excess of one half inch at the office entrance in violation of section 4.5.2 of the ADAAG . See photograph number 12.

10.     The facility does not provide any rooms for disabled use in violation of the ADAAG.

11.     The door has a width of 28" in violation of section 4.13 of the ADAAG. See photograph number 1.

12.     The controls to various devices throughout the room are inoperable with a closed fist in violation of sections of the ADAAG.

13.     There is no access to the sink in violation of section 4.19 of the ADAAG. See photograph number 3

14.     There is no accessible route through the room in violation of section 4.3.3 of the ADAAG. See photograph number 1.

15.     There is not a 36" clear maneuvering space along both sides of the bed in violation

of section 9.2.2 (1) of the ADAAG.

16.    There is not a 18" space provided at the bathroom door in violation of section 4.13 of the ADAAG. See photograph number 4.

17.    There are improper clearances and throughout the restroom and no grab bar behind water closet as required in violation of sections 4 and 9 of the ADAAG. See photograph numbers 3, 4, and 5.

14.    The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

15.    The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA .

16.    Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

19.    Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs

Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.   A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b.   An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c.   Such other relief as the Court deems just and proper.

**DATED:** ___1*/2*/99___

_____

By: Lawrence A. Fuller, Esquire
Florida Bar#: 180470
Fuller& Mallah and Associates, P.A.
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305) 534-9894 - Fax

W:\WPDocs\A.D.A\#1235-POMPANO LAND LLC\Complaint(cme).wpd



#1





#3



#4



#5



# 6



#7



#8



#9



#10



#11



#12



#13



#14



#15



#16



#17



#18



#19

# CIVIL COVER SHEET

**00-6007**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE BANDSTRA**

**I (a) PLAINTIFFS**

ADVOCATES FOR THE DISABLED, INC., a Florida not-for profit croporation, PETER SPALLUTO, and ERNEST ROSENKRANTZ,

**DEFENDANTS**

POMPANO LAND, LLC., a Florida Limited Liability company,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _Dade_
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward  00-CV06007 Juan Bandstra

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _Broward_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
FULLER MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139 (305) 538-6483

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | |
|---|---|---|---|---|
| | | PTF DEF | | PTF DEF |
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 ☐ 4 |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

**IVa.** 2 days estimated (for both sides) to try entire case

| V. NATURE OF SUIT | | (PLACE AN X IN ONE BOX ONLY) | | |
|---|---|---|---|---|
| **A CONTACT** | **A TORTS** | **B FORFEITURE PENALTY** | **A BANKRUPTCY** | **A OTHER STATUS** |
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 510 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability ☐ 371 Truth in Lending B | ☐ 650 Airline Regs | **A SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 720 Labor/Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other * ☐ 550 Civil Rights * | | | * A or B |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | |
|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed From State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reflled |
| | | | ☐ 5. Transferred from another district (Specify) ☐ 6. Multidistrict Litigation ☐ 7. Appeal to District Judge from Magistrate Judgment |

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23 DEMAND $  Check YES only if demanded in complaint: ☐ YES  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY:** (See Instructions) JUDGE _____ DOCKET NUMBER _____

DATE 1-3-00  SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT
F 1-2
REV. 6/94

FOR OFFICE USE ONLY: Receipt No. 814890
Date Paid: 01/05/00

Amount: 150.00
Mkfp: _____