COPIES NOT PROVIDED
ENVELOPES NOT PROVIDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.: 00-6007-CIV-JORDAN
MAGISTRATE JUDGE: BANDSTRA

FILED by _____ D.C.
JUL 28 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ADVOCATES FOR THE DISABLED, INC., et al,

Plaintiffs,

vs.                                    NON-COMPLIANCE OF S.D. fla. L.R. 5.1 a+b

POMPANO LAND, LLC., et al.,

Defendants.
_____/

**STATUS REPORT AND MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT**

**AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., PETER SPALLUTO, and ERNST ROSENKRANTZ, pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, Rule 7.1 C of the Local Rules of the United States District Court for the Southern District of Florida and this Court's Order Requiring Status Report filed, July 21, 2000, file the following Status Report and move this Court to enter Judgment after Default against the Defendant, POMPANO LAND, LLC.

**STATUS REPORT, MOTION AND INCORPORATED MEMORANDUM OF LAW**

First, regarding this Court's Order requiring Status Report, a Clerk's Default was entered by the Clerk of this Court on March 8, 2000, and received in undersigned counsel's office on March 9, 2000. Thereafter, a Notice of Certified Mailing to the Registered Agent of the Defendant of the Default was made March 16, 2000. The task of filing a Motion for Final Judgment in accordance with the provisions of Rule 55 of the Federal Rules of Civil Procedure, was then diaried for March 15, 2000. However, due to an error in changing the firm's computerized diarying system to a

different program a number of tasks where inadvertently omitted. Included in those inadvertently omitted tasks was the necessity for filing the Motion for Final Judgment. Therefore, the Plaintiffs would respectfully request this Court to exercise its discretion in forgoing a dismissal for lack of prosecution pursuant to the Local Rule 41.1, and entertaining the Motion for Entry of Judgment after Default.

Second, with regard to the Motion for Entry of Judgment after Default, the Plaintiffs submit the following:

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). Defendant POMPANO LAND, LLC was served with the Summons and Complaint on January 14, 2000. Having failed to file any responsive pleadings or other papers in this matter, a Clerk's Default was entered against the Defendant by the Court on March 8, 2000.

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party. Thereafter, a default judgment shall be entered by the court against the defendant, based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiffs' claims arising under 28 U.S.C. §12181, et seq., based on allegations of the Defendant's violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

On July 26, 1990, Congress enacted the Americans With Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith. 42 U.S.C.

§12181; 28 CFR §36.508(a) (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). Under either scenario, the Defendant's deadline for compliance has long since passed.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. As set forth in the report filed herewith, Defendant POMPANO LAND, LLC is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against the Plaintiffs. The discrimination is based on the Defendant denying Plaintiffs full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

The premises which are owned and/or leased by the Defendant, POMPANO LAND, LLC and which is the subject of this action, include a facility known as the Pompano Beach Motor Lodge, 1112 N. Ocean Blvd., Pompano Beach, Florida and, must be accessible by individuals with disabilities. Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs, litigation expenses and expert's fees and costs, incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §13305.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to

and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, Plaintiffs respectfully move this Court to enter Judgment After Default against the Defendant POMPANO LAND, LLC enjoining it from discriminating against individuals with disabilities, requiring completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA, and awarding Plaintiffs their attorneys' fees, expenses and costs incurred in this action.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail on this the 27th day of July, 2000 to:

KTG & S Registered Agent Corporation
100 SE 2nd Street, 28th Floor
Miami, Florida 33131

                                FULLER MALLAH & ASSOCIATES, P.A.
                                Attorneys for Plaintiffs
                                1111 Lincoln Road, Suite 802
                                Miami Beach, FL 33139-2493
                                Tel: (305) 538-6483 (Dade)
                                Tel: (305) 463-6570 (Brwd)
                                Fax: (305) 534-9894

By: _____
        JEFFREY A. BLAKER, ESQ.
        Fla. Bar No.: 443913

W:\WPDocs\A.D.A\#1235-POMPANO LAND LLC\statrepdefault(mf).wpd(sp)