UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.: 00-6007-CIV-JORDAN
MAGISTRATE JUDGE: BANDSTRA

FILED BY

00 AUG 25 AM 11: 45

BOOX
U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ADVOCATES FOR THE DISABLED, INC., et al,

      Plaintiffs,

vs.

POMPANO LAND, LLC., et al.,

      Defendants.

_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiffs, ADVOCATES FOR THE DISABLED, INC., PETER SPALUTTO, and

ERNST ROSENKRANTZ, pursuant to the Court's Order dated August 17, 2000 to Show Cause why

the complaint should not be dismissed for lack of standing respond as follows:

1.    In order to state a claim under the Americans With Disabilities Act 42 USC Section 12181

*et sec,* plaintiff(s) must allege that he (1) has a disability; (2) is a qualified individual; and (3) was

unlawfully subjected to discrimination because of his disability. Stewart v. Happy Hermans Chesire

Bridge, Inc., 117F.3d 1278, 1285 (11th Cir. 1997). The individual plaintiffs have alleged these facts

in their complaint which must be deemed true based upon the entry of the clerk's default on March

8, 2000. (Exh A.)

2.    The individual plaintiffs have alleged that they are qualified individuals under the Act, that they

have suffered and have reasonable expectations to continue to suffer direct and indirect injury as a

result of the defendant's discrimination until such time as the defendant complies with the ADA.



3.    Furthermore, Plaintiff Spalluto stayed at the defendant's facility on November 22nd, 1999 as evidenced by a receipt attached to this response (Exh. B).

4.    Regarding the standing of the plaintiff, ADVOCATES FOR THE DISABLED, INC., associational standing was set out in Hunt v. Washington State Apple Advertising Commission, 432 US 333, 343 (1977) in which the Court stated:

> [A]n association has standing to bring suit on behalf of its members when:
> (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organizations's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit.

5.    The allegations of the complaint established that ADVOCATES FOR THE DISABLED, INC., represents the interest of disabled individuals, consists of disabled members including ROSENKRANTZ, and that the individuals have been harmed by the defendant's actions, namely the failure of the defendants to remove barriers to access, and the participation of the individual members of the ADVOCATES FOR THE DISABLED, INC., is not required in the lawsuit. See, Hunt, at 343, and Access Now, Inc. vs Gator Dadeland Partners ,Ltd #98-2955-Civ-Lenard (SD, February 10,1999) attached (Exh C).

6.    Based upon the above, Plaintiffs respectfully suggest that they have shown cause why this case should not be dismissed for lack of standing and request that the Court enter its Judgment after Default in favor of plaintiff based on the default entered against the defendant on March 8, 2000 .

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S.

Mail on this _22_ day of August, 2000 to:

KTG&S Registered Agent Corporation
100 S.E. 2nd Street, 28th Floor
Miami, Florida 33131

Pompano Beach Motor Lodge, ATTN: MANAGER
1112 North Ocean Boulevard
Pompano Beach, Florida

FULLER MALLAH & ASSOCIATES, P.A.
Attorneys for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139-2493
Tel: (305) 538-6483 (Dade)
Tel: (305) 463-6570 (Brwd)
Fax: (305) 534-9894

By: _____
          Judd Arenowitz, Esquire
          Fla. Bar No.: 316148

W:\WPDocs\A.D.A\#1235-POMPANO LAND LLC\P-Res2-Show-Cause(ali).wpd

#1235

RECEIVED

MAR - 9 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CLERK'S DEFAULT**

Advocates for the Disabled, et    CASE NO. 00-6007-Civ-Jordan
al,

    Plaintiff(s),

v.

**Pompano Land, LLC,**

,

    Defendant(s).

_____/

| FILED by _____ D.C. |
| :--- |
| **Mar 8, 2000** |
| CLARENCE MADDOX<br>CLERK<br>U.S. DIST. CT.<br>S.D. OF FLA. |

It appearing that the defendant herein, **Pompano Land,**

**LLC,**, is  in default for failure to appear, answer or

otherwise plead to the complaint filed herein within the time

required by law.  Default is hereby entered against defendant

Pompano Land, LLC,, as of course, on this date March 8, 2000.

        **CLARENCE MADDOX**
        CLERK OF COURT

By: _____
        Deputy Clerk

- A -

FRED ELKHATIB.

# POMPANO BEACH.
### M O T O R   L O D G E
*A Resort*
*Directly on the Ocean*

(954) 943-0630

FAX (954) 782-0730     1112 NORTH OCEAN BLVD. (A-1-A)  POMPANO BEACH, FLORIDA 33062



- R -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-2955-CIV-LENARD

ACCESS NOW, INC., a
Florida not for profit
Corporation, and **EDWARD
RESNICK**,

     Plaintiffs,

vs.

GATOR DADELAND PARTNERS, LTD.,
a Florida Limited Partnership, d/b/a
**DADELAND PLAZA**,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to

Dismiss, file January 11, 1999 in conjunction with its Answer. The

Court having considered the and otherwise advised in the premises,

finds as follows.

### I.   Introduction

Plaintiffs Edward Resnick and Access Now, Inc. filed the

above-captioned action on December 14, 1998 against Defendant

Dadeland Partners, Ltd., alleging that the Defendant violated the

Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101 et

seq. (West 1995 & Supp. 1997) and 28 C.F.R. Part 36, by (1)

denying access to, and full and equal enjoyment of goods,

services, facilities, privileges, advantages and/or accommodations

-C-

at Dadeland Plaza shopping mall, located at 9479 S. Dixie Hwy., Miami, Florida, in violation of 42 U.S.C.A. § 12181 et seq.; and by failing to remove certain architectural barriers on the premises as required by 42 U.S.C.A.42 § 12182(b)(2)(A)(iv). (See Compl. ¶¶ 9-14).

The Defendant's motion and incorporated four-sentence memorandum argue summarily that Defendant Access Now, Inc., should be dismissed for lack of capacity and for failing to be the real party in interest in this lawsuit.

## II.  Standard

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974). Dismissal is only appropriate when it is clear to the court that no set of facts would consistently support the allegations asserted in the complaint. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 250 (1989) (citing Hishon v. King & Spaulding, 467 U.S. 69 (1984)).

2

## III. Analysis

In order to state a claim under the ADA, a plaintiff must allege that she "(1) has a disability; (2) is a qualified individual; and (3) was unlawfully subjected to discrimination because of [her] disability." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997); Cramer v. State of Florida, 117 F.3d 1258, 1264 (11th Cir. 1997). Plaintiffs here have alleged these facts. (Compl. ¶¶ 11-20.)

Associational standing was set out in Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 343 (1977) in which the Court stated:

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Id. at 343. Were this case at the summary judgment stage, and were standing an issue at that stage, the Plaintiffs would have to meet the requirements of Fed. R. Civ. P. 56(e) and set forth specific facts supporting a claim for standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). At this stage of the litigation, however, the Court must take the facts as pled by the Plaintiffs. Plaintiffs state that Access Now, Inc.,

3

represents the interests of disabled individuals, consists of at least one disabled member, that these individuals have been harmed by Defendant's actions, and the participation of these individuals is not required in the lawsuit.    See Hunt, 432 U.S. at 343. Because the Defendant has done nothing more than cite Fed. R. Civ. P. 17 in its four-sentence memorandum, the Court finds its argument unpersuasive.


IV.    Conclusion

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss, filed in conjunction with its Answer on January 11, 1999, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this __10 day of February, 1998.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

cc:    John P. Fuller, Esq.
       1111 Lincoln Rd., Ste. 802
       Miami Beach, FL 33139

       J. Frost Walker, Esq.
       3211 Ponce de Leon Blvd., Ste. 202
       Coral Gables, FL 33134

4