UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.: 00-6007-CIV-JORDAN
MAGISTRATE JUDGE: BANDSTRA

ADVOCATES FOR THE DISABLED, INC., et al.,

      Plaintiffs,

vs.

POMPANO LAND, LLC., et al.,

      Defendants.

_____/



## PLAINTIFFS' VERIFIED APPLICATION FOR ATTORNEY'S FEES AND COSTS

Plaintiff, ADVOCATES FOR THE DISABLED, INC. pursuant to the Order for Dismissal filed, and the provisions of Rule 7.3 of the Local Rules of the Unites States District Court for the Southern District of Florida, hereby file their verified application for an award of attorneys' and expert fees, litigation expenses and costs.

## VERIFIED APPLICATION AND INCORPORATED MEMORANDUM OF LAW

1.      A Final Default Judgment Granting Injunctive Relief was entered on September 7, 2000, wherein the Court ruled that upon motion, the Court will determine whether attorney's fees and costs are appropriate.

2.      In their complaint plaintiffs sought recovery of their attorneys' fees, experts' fees, costs and expenses pursuant to 42 U.S.C. 12205. Section 12205 provides:

> In any action or administrative proceeding commenced pursuant to this Act, the Court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees, including litigation expenses, and costs . . . .

198

PLAINTIFFS' VERIFIED APPLICATION FOR
ATTORNEY'S FEES AND COSTS
Page 2

CASE NO.: 00-6007-CIV-JORDAN

3.    "The legislative history of the ADA reflects that Congress intended that §12205 to

be interpreted in a manner consistent with Civil Rights Attorneys Fees Act, 42 U.S.C. §1988 (§

1988), including that statute's definition of prevailing party, as construed by the Supreme Court.

In order for a party to collect attorney's fees under §1988 (and §12205), the party must show: (1)

that it has prevailed; and (2) that its fee request is reasonable." Webb v. James, 967 F. Supp. 320,

322 (N.D. Ill. 1997), citing Farrar v. Hobby, 506 U.S. 103, 109-114 (1992). Furthermore, the

prevailing party status is based upon a determination of: (1) whether the lawsuit was causally linked

to the relief obtained, and (2) whether Defendant acted gratuitously that is, "the lawsuit was

frivolous, unreasonable, or groundless" Id; citing Fisher v. Kelly 105 F 3d 350, 353 (7th Cir. 1997)

(citations omitted).

4.    By its Final Default Judgment of September 7, 2000, the Court ordered the Defendant

to comply with all sections of the American Disabilities Act, 42 USC §12181, et seq., and the ADA

Accessibility Guidelines, 29CFR 36, as specifically set out in paragraph 13 of the Plaintiff's

complaint.   Defendant will, therefore as a result of this litigation, have to make numerous

improvements to its motel, including but not limited to, bringing its parking into compliance with

the ADA, installing signs, identifying disabled parking spaces throughout the facility, placing access

aisles next to parking spaces for the disabled, creating path of travel for disabled persons to get from

the parking spaces into the facility, providing a pool lift for disabled accessibility, fixing the

swimming pool gate lock, correcting the door hardware, and providing guest rooms for the disabled.

The changes are needed to correct the violations noted in the report of Plaintiff's expert Access-

Ability, Inc., dated November 23, 1999, attached as Exhibit A. These changes are necessary to bring

Defendant's facility into compliance with the Americans with Disabilities Act of 1990. Because the

relief was obtained as a result of this litigation commenced in January, 2000, the Defendant in no

respect acted gratuitously. In fact, on July 26, 1990, Congress enacted the Americans with

Disabilities Act and established January 26, 1992 as the date all public accommodations had to

comply. 42 U.S.C. §12181. Over eight (8) years later, the Defendant still had not complied and it

was not until this lawsuit ensued that a Stipulation and an Agreement providing for the correction

of ADA violations was entered against the Defendant. Therefore, this Court should exercise its

discretion and allow the Plaintiffs their fees and costs.

     5.    Plaintiff's fees and costs to date in this matter are as follows:

        a.    to date plaintiffs have incurred $5,335.00 for attorneys' fees(19.40) hours at an average rate of $275.00 per hour (Exhibit "B"); $1,250.00 for expert fees; (Exhibit "C") and $589.71 for costs.

        b.    Plaintiffs's estimate they will incur, and will seek an award of $1,650.00 for the attorney to prepare for and appear at the evidentiary hearing on this matter. (3.0 hours per attorney at $275.00 per hour), and an award of $450.00 for Plaintiff's expert having to prepare for and appear at an evidentiary hearing to prove the reasonableness of his expert witness fee.[1] Requests

---

[1] Any and all time incurred by plaintiffs' counsel in filing, preparing and litigating his fee application and any fee hearings thereon is compensable. Guerrero v. Cummings, 70 F.3d 1111 (9th Cir 1995); Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053 (2d Cir. 1995); Barlow-Gresham Union high School District No. 2 v. Mitchell, 940 F.2d 1280 (9th Cir. 1991); Mallory, supra; Robinson v. Alabama State Dept. of Education, 727 F. Supp. 1422 (S.D. Ala. 1989).

                    for attorneys' fees and expert witness fees at an evidentiary hearing are included in the event the court determines that an evidentiary hearing is necessary.

     c.     Attached hereto are records which reflect the attorneys' time incurred in this matter. Exhibit B. Plaintiffs' counsel certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

     d.     Plaintiffs' counsel further certifies that he has conferred with counsel for the Defendant in a good faith effort to resolve by agreement the issues presented herein, but the parties were unable to reach agreement.

    6.     Rates ranging from $275.00 to $500.00 per hour have been found by Courts of this Circuit to be reasonable in similar types of litigation. See, In re Domestic Air Transport., supra (rates up to $500.00 per hour are reasonable); Dillard v. City of Elba, 863 F. Supp. 1550 ($290.00 per hour reasonable); Knight v. Alabama, 824 F. Supp. 1022, 1027 (N.D. Ala. 1993) (awarding $275.00 per hour); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190 (S.D. Fla. 1991) (awarding $275.00 per hour). In fact, as recently as March 12, 1996, this Court was awarding $275.00 per hour in civil rights cases, even where "the issues presented in [the] case were not particularly complex." Mallory v. Harkness, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). See also, Alliance for ADA, et al v. JA Bahama Hotel, Inc., et al, So. Dist. Fla. Case No. 98-6020-CIV-Dimitrouleas, filed July 14th, 1999, (wherein the Court concluded "that the lodestar amount of $290.00 per hour is appropriate for this type of case (involving alleged violations of the ADA) in

PLAINTIFFS' VERIFIED APPLICATION FOR                          CASE NO.: 00-6007-CIV-JORDAN
ATTORNEY'S FEES AND COSTS
Page 5

the Southern District of Florida); <u>Advocates for the Disabled, Inc., et al v. Boulevard Motel Corp.</u>,

Case No. 99-6833-CIV-Highsmith, filed March 30th, 2000 (awarding $275.00 per hour).

    The counsel for the law firm representing Plaintiffs are experienced ADA Title III plaintiffs

lawyers having filed and litigated in excess of 100 ADA Title III cases. Obviously, if any other

similarly experienced defense lawyers were to consider taking plaintiffs' civil rights representation,

with associated risk of non-payment and delay in payment, they would be entitled to well in excess

of $275.00 per hour. Attached as Exhibit "D" is the resume of the undersigned attorney who

performed most of the legal services in this case. The resume is being attached as an exhibit to

support the reasonableness of Plaintiffs' request for an attorneys' fee award based on a hourly rate

of $275.00. In addition to the undersigned attorney who performed 12.60 of the total of 19.04 hours

expended in this file, the remaining attorneys each have been members of the Florida Bar for at least

fourteen years.

    Based upon the foregoing, Plaintiffs seek an award for attorneys' fees of $6,985.00, expert

fees of $1,700.00 and costs of $589.71. Said amounts for the attorney's fees and expert witness fees

include the time for preparing for and attending, the fee hearing.

<b><u>CERTIFICATE OF SERVICE</u></b>

    **WE HEREBY CERTIFY** that a true and correct copy of the foregoing was on this __9__

day of November, 2000, mailed to:

KTG&S Registered Agent Corporation
100 S.E. 2nd Street, 28th Floor
Miami, Florida 33131

-5-

PLAINTIFFS' VERIFIED APPLICATION FOR                              CASE NO.: 00-6007-CIV-JORDAN
ATTORNEY'S FEES AND COSTS
Page 6

Pompano Beach Motor Lodge, ATTN: MANAGER
1112 North Ocean Boulevard
Pompano Beach, Florida

                                  FULLER, MALLAH & ASSOCIATES, P.A.
                                  Attorneys for Plaintiffs
                                  1111 Lincoln Road, Suite 802
                                  Miami Beach, FL 33139
                                  Tel: (305) 538-6483 - Dade
                                  Tel: (954) 463-6570 - Broward
                                  Fax: (305) 534-9894

                                  By: _____
                                      Judd A. Aronowitz, Esquire
                                      Fla. Bar No.: 316148

PLAINTIFFS' VERIFIED APPLICATION FOR                CASE NO.: 00-6007-CIV-JORDAN
ATTORNEY'S FEES AND COSTS
Page 7

## VERIFICATION

STATE OF FLORIDA          )
                          :        S.S.
COUNTY OF DADE            )

      BEFORE ME, the undersigned authority, personally appeared this day Judd A. Aronowitz, Esquire, and he acknowledged to and before me that he executed the foregoing Plaintiffs' Verified Application for Attorneys' Fees and Cost's for the purposes contained therein and the facts alleged therein are true to the best of his knowledge and belief.

      WITNESS my hand and seal in the County and State last aforesaid this _____ day of November , 2000.


_____

NOTARY PUBLIC


My Commission Expires:

Personally Known _____ OR Produced Identification _____

Type of Identification Produced:_____

-7-

# *ACCESS-ABILITY, INC.*

610 E. SAMPLE RD., POMPANO BEACH, FL. 33064
VOICE: (954) 942-1882 FAX: (954) 781-1282
GCG#:#:#: 051895 FED ID#: 630386560
**www.access-ability.com**

November 23, 1999                                                      File# AAGM0088

Fuller, Mallah & Associates, P.A.
Penthouse 802
1111 Lincoln Road Mall
Miami Beach, FL. 33139

RE: Pompano Beach Motor lodge
1112 N. Ocean Blvd.
Pompano Beach, FL 33

ATTN.: Mr. John Fuller Esq.

Dear Mr. Fuller,

As per your request for an investigative report on ADA violations for the above referenced property, obvious areas of non-compliance are existing. We have observed and noted the following:

The property is not compliant with the ADA. See Americans with Disabilities Act Guidelines (ADAAG).

## PARKING

1. There are approximately 70 standard parking spaces and only 2 disabled parking spaces are provided none are designated van accessible violating section 4.6.1 of the ADAAG. See photos #10, #11 and #19

2. The signs identifying disabled parking spaces throughout the facility are not posted violating section 4.6.4 of the ADAAG. See photos #1,#2, #4 and #5



PLAINTIFF'S EXHIBIT
A

pg 2 of 3
AAGM0088

3. All of the disabled use spaces have no access aisles in violation of sections 4.3.1 and 4.6.3 of the ADAAG. (See photos #10 and #11)

## ENTRANCE ACCESS AND PATH OF TRAVEL

1. An accessible path or route of travel compliant with the ADAAG 4.3 is not provided as there is not a 36" wide clear path of travel. See photo #16

2. Failure to provide accessibility to recreation facilities which do not provide a pool lift for disabled accessibility; not compliant with the ADAAG 4.3.2. See photo #18

3. The swimming pool gate lock is not operable with a closed fist this is not compliant with the ADAAG 4.13.9. See photo #9

4. There are 60 rooms and all have door hardware that is inoperable with a closed fist in violation of section 4.13.9 of the ADAAG. See photo #7

5. There are 60 rooms and all have rises at the doorway in violation of section 4.13.8 of the ADAAG. See photo #7

6. There is a rise in excess of one half inch at the office entrance in violation of section 4.5.2 of the ADAAG . See photo #12

## ACCESS TO DISABLED ROOMS

1. The facility does not provide any rooms for disabled use in violation of the ADAAG.

pg 3 of 3
AAGM0088


2. The door has a width of 28" in violation of section 4.13 of the ADAAG. See photo #1

3.  The controls to various devices throughout the room are inoperable with a closed fist in violation of sections of the ADAAG.

4.   There is no access to the sink in violation of section 4.19 of the ADAAG.  See photo #3

5.    There is no accessible route through the room in violation of section 4.3.3 of the ADAAG. See photo #1

6.  There is not a 36" clear maneuvering space along both sides of the bed in violation of section 9.2.2 (1) of the ADAAG.

7.  There is not a 18" space provided at the bathroom door in violation of section 4.13 of the ADAAG.  See photo # 4

8.  There are improper clearances and throughout the restroom and no grab bar behind water closet as required in violation of sections 4 and 9 of the ADAAG.
See photos  #3, #4 and #5


        A more detailed follow up should be completed after an appointment with the property owner or manager.  There may be other violations of the American Disabilities Act that would be revealed following this inspection.

Fuller, Mallah & Associates, P.A.
1111 Lincoln Road
Suite 802
Miami Beach, FL 33139

Invoice submitted to:
Pompano Land, LLC

November 06, 2000

In Reference To: ADA v. Pompano Land, LLC (Pompano Beach Motor Lodge,
Pompano Beach, FL)

Invoice # 11182

Professional Services

| | | Hours | Amount |
|---|---|---|---|
| **JAA** | | | |
| 1/5/00 | Review file for opening complaint ,authorization of client,review expert report auto track search corporate search | 3.00 | 825.00 |
| 3/6/00 | prepare motion for default | 0.50 | 137.50 |
| 3/16/00 | notice of mailing | 0.50 | 137.50 |
| 7/20/00 | review order for status report | 0.50 | 137.50 |
| 7/27/00 | prepare status report motion for Final Judgment. | 2.00 | 550.00 |
| 8/22/00 | Response to Rule to Show Cause; Research and dictate. | 2.00 | 550.00 |
| 9/14/00 | review final default judgment;Phone call(s) with client | 0.60 | 165.00 |
| 9/22/00 | Phone call(s) with Defendent's representative Jahargard | 0.30 | 82.50 |
| 9/26/00 | Review return of service | 0.20 | 55.00 |
| | Preparing proposed Settlement Agreement | 3.00 | 825.00 |
| | SUBTOTAL: | [    12.60 | 3,465.00] |
| **JAB** | | | |
| 7/24/00 | Receipt and review of Order on Status Report; Preparing of response, Preparing Motion for Final Judgment | 0.80 | 220.00 |



Pompano Land, LLC                                                    Page    2

|  | | Hours | Amount |
|---|---|---|---|
| SUBTOTAL: | [ | 0.80 | 220.00] |

**JPF**

| | | Hours | Amount |
|---|---|---|---|
| 12/3/99 | Conference with client;  reviewed report from ADA expert; researched ADAAG'S; dictated notes to file. | 0.90 | 247.50 |
| 12/6/99 | Prepared title search; reviewed title search and ordered deed and mortgage to obtain ownership information for service of process, and review of documents; prepared search with Secretary of State and performed Pacer search. | 0.80 | 220.00 |
| 12/13/99 | Prepared complaint, interrogatories, request for production, request for admissions and summons.<br>  Phone conversation with client | 1.80 | 495.00 |
| 12/28/99 | review file for filing complaint | 0.50 | 137.50 |
| 11/6/00 | Preparing Application for Fees & Costs & Memo  of Law | 2.00 | 550.00 |
| | SUBTOTAL: [ | 6.00 | 1,650.00] |
| | For professional services rendered | 19.40 | $5,335.00 |

Additional Charges :

**Client Expenses**

| | | Amount |
|---|---|---|
| 12/3/99 | Access-Ability, Inc. Balance Due | 1,125.00 |
| 12/7/99 | Filing Fees | 150.00 |
| | Service of Process | 25.00 |
| | Access-Abiliy, Inc. Invoice | 125.00 |
| | Title Search | 60.00 |
| | Open/Close File Charge | 125.00 |
| | Re-Inspection Fee | 125.00 |
| 12/30/99 | Photocopies | 33.60 |
| 1/31/00 | Photocopies | 33.60 |
| 3/31/00 | Postage | 5.96 |
| | Photocopies | 4.20 |
| 5/9/00 | Postage | 5 96 |
| 7/8/00 | Photocopies | 1.20 |

Pompano Land, LLC                                                        Page    3

|  |  | Amount |
|---|---|---:|
| 7/19/00 | Telephone Charges | 0.16 |
| 7/31/00 | Photocopies | 6.00 |
|  | Postage | 2.09 |
| 9/29/00 | Photocopies | 1.20 |
|  | Postage | 10.14 |
| 10/31/00 | Photocopies | 0.60 |
|  | SUBTOTAL: | [    1,839.71] |
|  | Total costs | $1,839.71 |
|  | Total amount of this bill | $7,174.71 |
|  | Balance due | $7,174.71 |

PLEASE NOTE, PAYMENTS RECEIVED AFTER CLOSE OF BILLING PERIOD WILL BE REFLECTED ON NEXT MONTH'S STATEMENT

RETAINER, IF ANY, WILL BE CREDITED AGAINST FINAL BILLING

# *ACCESS-ABILITY, INC.*

610 East Sample Road, Pompano Beach, FL. 33064
Voice: (954) 942-1882 Fax: (954) 781-1282
CGC#: 051895   FED ID#: 650386560
www.access-ability.com

December 3, 1999                                    **FILE # AAGM0088**

Fuller, Mallah & Associates, P.A.
Penthouse 802
1111 Lincoln Road Mall
Miami Beach, Fl. 33139

RE:    Pompano Beach Motor Lodge
       1112 North Ocean Blvd.
       Pompano Beach, FL.

ATTN.: Mr. John Fuller Esq.

## INVOICE

Opening & processing file , assigning case #AAGM0088

Phone conversations with Attorney John Fuller

Travel to and from location

Search & print yahoo map locating subject property

Verification of property I. D. and owner / Search & prepare property owner , including on line search with Secretary of State & county property appraiser's office .

Preliminary on site verification of "American with Disabilities Act" violations

Record & print photos regarding said violations

Preparation of report consisting of duplicate photos and floppy disk to complete file

Prepare invoice , executing contract , processing file for shipment to attorney's office.

TOTAL HOURS 10  @ $ 125.00 Per Hour
TOTAL DUE $ 1250.00



# *JUDD ARONOWITZ, ESQ.*

## EXPERIENCE

Currently an associate of Fuller Mallah & Associates concentrating in litigation under the Americans with Disabilities Act.

Former Chief District Legal Counsel- Florida Department of Children and Families District Eleven, Dade and Monroe Counties,1998

Private practice from 1988 to 1997. Law practice consists of criminal defense, divorce litigation including custody and child support, juvenile dependency and delinquency and civil litigation.

Rated AV-Martindale Hubbell

Litigation experience includes representation in administrative matters before the school board and other regulatory State Agencies, including pro bono parole application and hearings before the governor and cabinet. Trial experience in both the Federal and State Courts of Florida.

Appointed attorney for the Guardian Ad Litem Program and former instructor for the Guardian Ad Litem program. Volunteer attorney for former HRS in presenting dependency cases. Participant in the Dade County Special Appointed Public Defender Program.

Member of the Florida Bar admitted in 1981.
Admitted to Federal Court for the Southern District of Florida, Middle District of Florida and the 5th and 11th United States Court of Appeals.

Extensive trial experience both as a prosecutor and criminal defense attorney, including trials involving family matters, dependency, delinquency and civil matters.

1986-1988
Dade County State Attorney's Office, prosecuted sexual battery cases involving children the developmentally disabled and the elderly.

1982-1986
Dade County State Attorney's Office, Hon. Janet Reno, State Attorney
Assistant State Attorney, Felony Division.

1981-1982
Hastings & Goldman
Associate
Miami Beach, Florida
FELA and personal injury litigation.



PLAINTIFF'S EXHIBIT "D"

1980-1981
Koppen & Watkins
Intern and Associate
Miami, Florida
General civil litigation.

1974-1980
Assistant to the Program Administrator, University of Miami Guaranteed Student Loan
Program.

## COMMUNITY SERVICE

Former Chairman And Member of Florida Bar Grievance Committee (11m) Dade
County.

Past Member of Dade County Unlicenced Practice of Law Committee.

Board Member of the Family Center a non-profit child care center.

Member of South Florida Shomrim.

## EDUCATION

University of Miami School of Law, JD-1980

University of Miami, BA-1977

Mercer University, 1973-1974

## PERSONAL

Born in New York, married with three children.